IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARY CATHERINE WALKER,**

        Plaintiff,

vs.                            No. CIV. 96-1248 LH/RLP

**EXPRESS MORTGAGE, INC., n/k/a QUALITY MORTGAGE, INC., DAVID B. CRASS and CYNTHIA A. CRASS,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Docket No. 11).  The Court, having reviewed the summary judgment pleadings, including all affidavits and the deposition testimony of Mr. Crass, concludes that the defendant's motion is well taken and shall be **granted.**

As a preliminary matter, I note that Plaintiff's Response to Motion of Defendants' Crass for Summary Judgment (Docket No. 17) was untimely filed.  Because the response was less than one week late, in the interest of justice, I will address the motion for summary judgment on its

1

merits and will consider arguments contained in the response brief.

Also preliminarily, I note that plaintiff has not directly disputed any of the material facts set forth in defendants' brief and affidavits; consequently all such facts set forth by defendants will be accepted as true. There is a dispute as to the actual involvement of the mortgage broker in securing the loan from Mr. and Mrs. Crass—this will be addressed later in my ruling. Most of plaintiff's factual support in her brief is derived from affidavits submitted by defendants. To the extent that plaintiff has attached exhibits to her response brief, they are unmarked, and the Court has been unable to rely upon them in understanding arguments in her brief.

**Undisputed Facts:**

I conclude that these are the material facts, as primarily set forth in the undisputed factual portion of defendants' brief. Plaintiff Walker used a mortgage broker, Blue Sky Mortgage, Inc. to obtain a loan to enable her to purchase a home. Plaintiff obtained a mortgage loan commitment from Defendant Express Funding, Inc. This loan commitment was $8,000 short of what she needed to buy her new residence.

An officer of Blue Sky asked Blue Sky's attorney, Paul Becht, if he knew of anyone who might be willing to lend $8,000 to plaintiff. Mr. Becht mentioned plaintiff's dilemma to one of his clients, Harold Crass, who asked his son and daughter-in-law (defendants herein), who agreed to lend the money to plaintiff. Mr. Becht prepared the note and mortgage for the Crass loan, which were sent to Express Funding, Inc., for its approval. Plaintiff received a Truth-in-Lending Disclosure Statement prior to closing, however it showed only Express Funding, Inc. as a creditor. Plaintiff did not know Mr. and Mrs. David Crass or how they were involved in her loan. Mr. and Mrs. Crass funded the loan. At closing, plaintiff signed the Crass note and mortgage and

received the $8,000, which was applied to the purchase price of the residence. The title company closed both loans at once.

The involvement of Blue Sky, as a mortgage broker, is disputed insofar as the Crass loan is concerned.  Defendants contend that they did not use the services of Blue Sky nor any other mortgage broker to originate the loan, and that it was independent of the loan from Express Funding, Inc., which had been brokered by Blue Sky.   The only issue addressed by plaintiff's brief is whether the Crass loan was originated through a mortgage broker, and she sets forth facts to try to affirmatively establish that it was.

**Analysis**

The only issue currently  before the Court is whether Mr. and Mrs. Crass are "creditors", as defined by 15 U.S.C. §1602[1]. and thus subject to disclosure duties imposed by the Act. Summary judgment is, of course, appropriate only when there are no disputed issues of fact, and only legal issues remain to be decided.  While the question of what is law or fact is one that has continually perplexed courts, in this case it is neither practically nor analytically difficult to determine in which category the finding of creditor lies.   The application of the term "creditor" to the basic facts, a process requiring this court to look to statutory purpose and legislative intent, is a function of a court as law-finder and, hence, a legal conclusion appropriate for summary decision.  *See,  Eby v. Reb Realty, Inc.*, 495 F.2d 646, 648-49 (9th Cir. 1974).

The pertinent language of  §1602(f) provides as follows:

> The term "creditor" refers only to a person who both (1) regularly extends,

---

[1] Plaintiff's complaint alleges that defendants violated the Truth-in-Lending Act ("the Act") and Regulation Z, promulgated thereto, because they failed to provide proper, material disclosures to plaintiff prior to making the loan in question to her.

> whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. . . . Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12-month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this title.[2]

Subsection (aa)(1), referred to in section (f) provides as follows:

> A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, **other than a residential mortgage transaction,** . . .

(emphasis added).

It is undisputed that Mr. and Mrs. Crass did not regularly extend consumer credit. According to the facts in the record, they had never before originated a mortgage and this was the only loan transaction in which they had been involved in the prior twelve month period. Similar language contained in the first sentence of section (f) was in the statute in 1974, and was construed in the frequently cited case of *Eby v. Reb. Realty, Inc.,* which noted that the intent of the statute and of Regulation Z seems clear: to except from the Act only those lenders whose extensions of credit are an occasional, isolated, and incidental portion of their business. 495 F.2d at 646. "Probably one reason Congress exempted those not regularly extending credit from the Act was that such persons could not be expected to know the law or be able, without considerable trouble, to follow its directives." *Id.* at 650. For this reason, based upon the undisputed facts in this regard, I conclude that, under the first sentence of the statute, Mr. and

---

[2] The two sentences quoted are the first and last sentences contained in section (f), and will be referred to by this designation in this Memorandum Opinion and Order.

Mrs. Crass do not qualify as "creditors".

The parties, in their briefs, have focused solely on the last sentence of the statute, which was added by a 1982 amendment. At first glance, the last sentence of section (f) seems inconsistent with that section's first sentence. The first sentence states that the term "creditor" can ONLY refer to a person who meets the two prerequisites of that sentence, the first of which is to **regularly** extend credit. This ONLY limitation would seem to be contradicted by the provision in the last sentence that ANY person who originates 1 or more mortgages, as referred to in subsection (aa), **through a mortgage broker**, can qualify as a "creditor".

Specifically, the issue becomes whether Mr. and Mrs. Crass are persons "who originated 1 or more such mortgages through a mortgage broker". Turning to subsection (aa) to determine what "such a mortgage" refers to, I note that this subsection explicitly excludes "residential mortgage transaction[s]". The transaction at issue in this lawsuit was a residential mortgage transaction. Therefore, having read subsection (aa) in conjunction with section (f), I conclude that the last clause of section (f) means that a person who originates a residential mortgage transaction, even if through a mortgage broker, will not be considered a creditor for purposes of that title. In other words, the definition of "creditor" contained in the last sentence of section (f) is not applicable to the fact situation before the Court.

Given this interpretation of the statute, the role of Blue Sky in the Crass loan is immaterial. I need not address the purported factual dispute raised by the parties as to this role. Pursuant to this interpretation, based on the undisputed facts before the Court, I conclude that Defendants Crass do not meet the definition of "creditor", as that term is defined under 15 U.S.C. §1602(f). Accordingly, the disclosure duties of the Act do not apply to these defendants and they

are subject to no liability for their admitted failure to provide a Truth-in-Lending Disclosure Statement, in conjunction with their $8,000 loan to plaintiff.

**Conclusion**

For the foregoing reasons, I conclude that, as a matter of law, defendants do not meet the statutory definition of "creditor" and that their motion is therefore **granted**.  This case shall be dismissed with prejudice as to Defendants Crass.   Defendants are prevailing parties and shall be awarded their costs.

I note from the record that Defendant Express Mortgage Inc., n/k/a/ Quality Mortgage, Inc., has never been served with service of process and that more than 120 days have passed since the complaint was filed in September of 1996.  Notice is hereby given to plaintiff, that unless proper service is made upon this defendant, with proper proof provided to the Court of said service, within 10 days of the date of entry of this Memorandum Opinion and Order, then the Court shall dismiss the action without prejudice as to Defendant Express Funding, Inc., pursuant to Fed.R.Civ. P. 4(m).

**WHEREFORE, IT IS ORDERED** that this case is dismissed with prejudice as to Defendants Crass;

**IT IS FURTHER ORDERED** that Defendants Crass shall be awarded reasonable costs.

_____
**U.S. DISTRICT COURT JUDGE**